[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for dissolution of marriage and other relief brought to the Judicial District of Danbury.
The plaintiff and the defendant were married on October 29, 1989 at Ridgeway, Ontario, Canada. The plaintiff has resided continuously in the State of Connecticut for at least twelve months immediately preceding the date the complaint was filed. The marriage between the parties has broken down irretrievably without any reasonable prospects of reconciliation. There are two minor children, issue of the marriage, two wit: Blake Roubos, born April 17, 1993; and Bailey Roubos, born December 30, 1994. No other minor children have been born to the plaintiff wife since the date of marriage of the parties and neither party has received state assistance.
The parties are in dispute as to the cause of the breakdown of the marriage but, from the evidence presented, the Court finds CT Page 15369 that the cause of the breakdown of the marriage was defendant's ongoing relationship with another woman who he continues to live with at the present time.
The plaintiff has had temporary custody of the two minor children for approximately one and a half years and, from the evidence presented, has been an excellent mother. This evidence was not disputed. She provides a stable family environment for their two children. The parties purchased their first home in Newtown, and the property was subsequently sold. The existing property owned by both parties is the subject of a foreclosure matter pending in Superior Court at Danbury, and there is no equity in the property.
The plaintiff went to a four year college in Canada and has what is comparable to a Liberal Arts degree. Without extensive retraining, her opportunity to earn substantial income when the children are no longer her responsibility is not likely. She is presently employed in sales in a duty-free shop in Ontario, and nets approximately $93 per week (American currency). The defendant is a self-employed landscaper and, on his current affidavit filed with the Court on December 17, 1998, indicates that his gross weekly income is $538 to $634 per week. The defendant, who is educated in his line of work, is in excellent physical health and has the ability to earn at least $40,000 per year if he was employed by a landscape contractor.
The Court has considered all of the statutory criteria enumerated in § 46b-82 and § 46b-81c of the Connecticut General Statutes in making this determination and makes the following orders:
 ORDERS
A. BY WAY OF DISSOLUTION
The marriage between the parties is dissolved and each party is declared to be single and unmarried.
B. BY WAY OF ALIMONY
The marriage is of a seven year duration and has produced two young sons. The defendant shall pay the plaintiff as alimony the sum of $150 per week. It shall be payable until the death of either party, plaintiff's remarriage, or ten years from the date CT Page 15370 of judgment in this matter. Alimony shall be payable through the Connecticut Bureau of Support.
C. BY WAY OF CHILD SUPPORT
The defendant shall pay the plaintiff child support in accordance with the Connecticut Child Support Guidelines in the sum of $409 per week as payable each week in advance. Child support shall be payable until such time as each minor child attains the age of eighteen or graduates from high school, whichever last occurs, but no later than the age of nineteen years of age. Child support shall be payable to the Connecticut Bureau of Support. Plaintiff shall register the judgment herein with the Bureau of Support in order to effectuate the payment of child support.
D. BY WAY OF ASSETS
The parties jointly own a boat which defendant shall retain. The parties are joint owners of a time-share in St. Martin which shall be transferred to the plaintiff free and clear of any claim by the defendant.
E. BY WAY OF CUSTODY AND VISITATION
Custody is awarded to the plaintiff with reasonable rights of visitation to the defendant. Since the plaintiff and the two minor children presently reside in Canada, the visitation should occur primarily in Canada, pursuant to the terms of this judgment. It is ordered that the defendant have visitation up to three weekends a month. It is further ordered that the defendant provide the plaintiff one week's notice when he chooses to exercise his rights to visitation. If the defendant is unable to pick up the children by 7 p.m. due to poor weather conditions or traveling complications, he may make arrangements for a relative to transport the children by 7 p.m. or make arrangements to pick up the children the following morning. It is ordered that the time spent with the children begin with the close of school and end the evening before school at 6 p.m. It is ordered that father not exercise his visitation on Mother's Day weekend, but shall exercise it on Father's Day weekend. It is further ordered that the children spend their birthdays with the parent that they are spending the week or weekend with. It is further ordered that the defendant shall have three weeks visitation with the children in Connecticut in the summertime on a non-consecutive weekly basis. CT Page 15371 The children shall stay with the defendant one weekend in June, July and August. The children shall have adequate supervision when the defendant is working and shall be precluded from being at the work-site due to potential danger. When the children are in Connecticut, the defendant shall be the primary caretaker. The defendant shall be given all of the rights afforded in a joint custody award with regard to access to information both educational and health and that both parents encourage communication. The parties shall be equally responsible for all unreimbursed medical and dental expenses incurred by the minor children. The plaintiff, now a resident of Canada, is provided with health insurance. It is anticipated that the children will be covered by this health insurance. Prescriptions for the minor children shall be borne equally by the parties as well as any health care or dental expenses shall be paid equally by the parties. The defendant shall provide extended insurance care to assure that the children have medical coverage while visiting in the United States.
Mr. Roubos shall maintain life insurance coverage on his life in the amount of $150,000. He shall name the minor children as the beneficiaries of said insurance during their minority. He shall name plaintiff as the custodian of the life insurance proceeds for the benefit of the minor children.
F. BY WAY OF COUNSEL FEES
The Court is not unmindful that it is required to consider the parties' ability to pay attorney fees in matters such as this. Under normal circumstances, in this type of case, additional attorney fees would not be in order. However, an examination of this file bears out that the plaintiff's attorney has been required to file numerous motions for contempt and has required the Family Services division to become involved all too frequently with little or no justification. The defendant has made the process excessively difficult for the plaintiff.
The attorney for the plaintiff has submitted affidavits setting forth attorney fees totaling $13,270. She has been paid only $4175, $1200 of which has been paid by the defendant. This type of case would normally not require any additional fees if the defendant had cooperated. The Court orders the defendant to pay an additional $3500 in attorney fees at the rate of $150 per month until paid in full. CT Page 15372
G. BY WAY OF COUNSEL FEES FOR THE MINOR CHILDREN
Counsel fees in the amount of $3000 are awarded to Dale Susan Galbo, attorney for the minor children. One thousand ($1000) dollars of which has been paid to date. The balance of $2000 shall be paid 30 percent by the plaintiff and 70 percent by the defendant. The payments shall be made at the rate of $300 per month until paid in full.
H. BY WAY OF MISCELLANEOUS ORDERS
There is an arrearage owed for child support totaling $8489. Said arrearage shall be paid at the rate of $100 per week in addition to the orders hereinbefore set forth.
Counsel for the plaintiff is to prepare the judgment within thirty days and send it to the defendant for signature and filing.
Owens, J.